IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
COREY PRITCHETT,               )
                               )     Civil No. 08-800-ST
          Petitioner,          )
                               )
     v.                        )
                               )     ORDER
CRAIG ROBERTS, et al.,         )
                               )
          Respondents.         )
_____)
```

KING, District Judge.

Petitioner, an inmate currently incarcerated at the Clackamas County Jail, brings this habeas corpus action challenging the legality of his detention. Pursuant to 28 U.S.C. § 1914, a party seeking to institute a habeas corpus proceeding shall pay a filing fee of $5.00. An action may proceed without the prepayment of a filing fee only upon a proper application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915.

Petitioner has neither submitted the filing fee nor moved to proceed *in forma pauperis*. Accordingly, IT IS ORDERED that

1 - ORDER

petitioner shall submit a filing fee or an application to proceed *in forma pauperis* within 30 days of the date of this order. Petitioner's failure to do so will result in the dismissal of this action.

The court has also conducted a preliminary review of the Amended Petition in this case and finds that petitioner has combined his claims pertaining to the legality of his detention with his claims relating to the conditions of his confinement. Habeas corpus is the proper mechanism to challenge the legality of one's confinement, whereas 42 U.S.C. § 1983 is the proper method to challenge the conditions of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Accordingly, plaintiff's claims pertaining to his access to the law library at the Clackamas County Jail, and his complaints regarding the quality of his cell at the Jail are not properly brought in this action.

Also before the court is petitioner's Motion for Preliminary Injunction based on his alleged inability to adequately access the law library at the Clackamas County Jail. Petitioner's Motion for Preliminary Injunction (docket #4) is DENIED because: (1) petitioner failed to serve a copy of the Motion on respondents as required by Fed. R. Civ. P. 65(a); and (2) petitioner's claim of inadequate access to the law library is a conditions of confinement claim which cannot be raised in a habeas corpus proceeding, therefore he has no chance of succeeding on the merits.

**CONCLUSION**

Should plaintiff wish to continue with this habeas action, within 30 days he must: (1) move to proceed *in forma pauperis* or pay the $5.00 filing fee; and (2) file a second amended petition on the form required by Local Rule 81.1(a) in which he identifies only his claims pertaining to the legality of his detention, and in which he more fully explains why he should be exempted from the requirement that he first exhaust his state court remedies before coming to federal court.  His failure to do so will result in the dismissal of this case, without prejudice.

Petitioner's Motion for Preliminary Injunction (docket #4) is DENIED.  The Clerk of Court is DIRECTED to send petitioner a form 28 U.S.C. § 2254 habeas corpus form.

IT IS SO ORDERED.

DATED this 24th day of July, 2008.

                    /s/ Ancer L. Haggerty for
                          Garr M. King
                          United States District Judge